EQUITABLE TRUST COMPANY OF NEW YORK, Respondent, *v.* A. SALOMON, INC., Appellant.

First Department, November 30, 1923.

Sales — action to recover damages for breach of contract to buy francs — written contract of sale shown with option to take francs before certain date — option did not provide for repudiation of contract — complaint properly amended at trial to show partial payment — not error to admit agreement signed by defendant admitting liability.

An option recited in a contract for the sale of a check on plaintiff's agent in Paris for a stated number of francs, which contract read as follows: "We beg to confirm having sold to you through Mr. F. Van Gerpen Fcs. 500,000 at 8.05. Check

Paris deliverable for steamer. Your option up to and including June, 1920," means that the defendant had the right to take up the check during the period intervening between the date of the confirmation and the date of the expiration of the option, and did not authorize the defendant to repudiate the contract in case the dollar value of francs should decrease.

It was not error for the court to grant plaintiff's motion at the opening of the trial to amend the complaint to show a partial payment by the defendant.

It was not error for the court to admit in evidence an agreement signed by the defendant but not by the plaintiff, for the purpose of settling the plaintiff's claim, in which the defendant admitted liability.

APPEAL by the defendant, A. Salomon, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of February, 1923, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*Almy, Van Gordon & Evans* [*William S. Evans* of counsel], for the appellant.

*Murray, Prentice & Aldrich* [*William Dean Embree* of counsel; *Talbot M. Malcolm* with him on the brief], for the respondent.

McAvoy, J.:

There are two causes of action in the complaint, one for damages for failure to perform an agreement whereby the plaintiff contracted to sell and deliver to defendant, and defendant agreed to purchase and accept from plaintiff a check on plaintiff's agents in Paris, France, in the amount of 500,000 francs at any time before or during the month of June, 1920, at defendant's option, for which said check defendant had agreed to pay in dollars to plaintiff in New York at the rate of 8.04 francs per dollar at the time of the option; and the second cause is for a similar breach of contract to purchase and accept from plaintiff a check in the amount of 500,000 francs, but the rate in the second cause of action is fixed at 8.05 francs. Plaintiff claims to have been ready, willing and able to perform the terms of the contract, and asserts that defendant has failed and refused to perform the terms of the agreement which it was to perform. Because of this failure on defendant's part to perform the agreement to take up the aforesaid checks for francs, plaintiff alleges it has been damaged in the sum of over $40,000.

The contract was dated August 29, 1919, and on June 29, 1920, when the buyer's option was about to expire, plaintiff wrote to defendant and asked for instructions about the francs, but no response came from defendant. Defendant claims that because there was no delivery or tender of delivery of the francs prior to

June 30, 1920, no damages can be recovered without such proof of performance or tender. It also contends that neither of the confirmations of the contracts between the parties expresses anything more than an option extended by plaintiff to defendant to buy these two checks of 500,000 francs each. Neither of these propositions is sustainable under the evidence.

Plaintiff's letters, which confirmed the oral transaction and which were identical in terms except for the variation in the rate of francs for dollars, read:

" We beg to confirm having sold to you through Mr. F. Van Gerpen Fcs. 500,000 at 8.05.

" Check Paris deliverable for steamer.

" Your option up to and including June, 1920."

" We beg to confirm having sold to you through Mr. F. Van Gerpen Fcs. 500,000 at 8.04.

" Check Paris deliverable for steamer.

" Your option up to and including June, 1920."

Defendant's confirmation, which covered both contracts, reads:

" We hereby confirm having bought from you through Mr. F. Van Gerpen,

" 500,000 francs, check on Paris, at 8.05

" 500,000 francs, check on Paris, at 8.04

" buyer's option to and including June, 1920."

It is apparent from the context of these instruments that the optional part of the contract is solely the right to take up the checks during the period intervening between the date of confirmation and the date of the expiration of the option. There was no option to defendant to repudiate the contract if francs should decrease in dollar value. The transaction seems to have been one of purchase and sale, and to have been so understood by both parties. When the defendant's optional time approached and was about to expire, and defendant had not appeared at plaintiff's place of business to demand the checks, plaintiff wrote and asked instructions as to the disposition which defendant wished to make of the two contracts, and in this letter asked defendant to call at its office and discuss the matter with its officers if it was unable to give instructions. No attention was paid to this letter until July 2, 1920, when one of defendant's officers came to plaintiff's office and directed plaintiff to resell the francs which had been purchased by defendant, and to debit defendant with the difference between the prices obtainable upon the resale and the contract prices. Plaintiff did this and then wrote a letter informing defendant that the francs had been resold and a loss of $40,967.52 had been incurred, and requested defendant's check. Defendant answered

this letter confirming the resale for defendant's account, and said defendant wished to start making payments on the amounts due plaintiff on the return of defendant's president, who was to be back about the middle of August, 1920. There were some conferences as to postponing payments until the return of Salomon, the president, in which plaintiff refused to await his return.

Shortly after September first the president of defendant discussed with plaintiff the settlement of defendant's obligation. On November 15, 1920, the defendant signed an agreement through its president, wherein it admitted its indebtedness to plaintiff in the sum of $40,967.52 (the exact amount which defendant owed plaintiff by reason of the resale of the francs), and agreed to pay plaintiff $5,000 at the time of the execution of the contract, and $5,000 on the fifteenth of each month thereafter until the indebtedness was paid. Defendant has paid $5,000, the initial sum under the agreement, in installments of $2,000 and $3,000; but none of the other notes were ever paid, nor did defendant deposit certain collateral which the agreement provided should be given as collateral security. This never having been furnished, plaintiff never signed the agreement.

At the opening of the trial plaintiff's counsel moved to amend the complaint in order to show the payments by defendant, which amounted to $5,000. This amendment was objected to by defendant under the claim of surprise, and error is asserted in the allowance of this amendment. We are unable to agree with this claim, and hold that the amendment was properly allowed.

Plaintiff produced testimony as to the execution of the instrument in question, as to the transmission of the letters referred to, and as to the discussion with Mr. Salomon about the indebtedness and the agreement for its payment. Plaintiff then rested and defendant also rested without producing any proof. Both sides moved for the direction of a verdict, and plaintiff's motion was granted.

We do not find any error in admitting the acknowledgment of the debt contained in the agreement settling the claim on a basis of monthly payments of $5,000. This was a declaration of an obligation to pay over the president's own signature, and defendant's argument that this agreement changed the cause of action from breach of contract to an action upon the agreement is not tenable. There was never any claim that this agreement constituted a basis for the cause of action. Nor was the admission of this exhibit in evidence unduly prejudicial to defendant as establishing a liability on defendant's part by reference to an agreement for a settlement, because the liability was established

at the trial by other competent proof which was not denied, and no issue of fact went to the jury on liability. Nor was there proof that the admission of liability contained in the agreement was made solely as a basis for an adjustment without prejudice or for the purpose of an amicable settlement.

We think the verdict was properly directed, and that the judgment and order should be affirmed, with costs.

CLARKE, P. J., SMITH, FINCH and MARTIN, JJ., concur.

Judgment and order affirmed, with costs.